# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 07-cv-01758-REB

BOBBY D. ROSADO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's Complaint [#3], filed August 21, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that a he is disabled as a result of chronic low back pain and numbness in the left lower extremity. After his applications for disability insurance and supplemental security incomes benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 12, 2006. At the time of the hearing, plaintiff was 35 years old. He has a high school education and two years of vocational training in electronic technology. His past relevant work experience

includes jobs as a final touch-up vending machine painter and as a silk screen painter. He has not engaged in substantial gainful activity since January 1, 2002.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance or supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform light work with some limitations, which did not preclude his past relevant work. He, therefore, found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d

2

335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

On appeal, plaintiff presents three primary arguments: (1) that the Appeals Council erroneously failed to consider the entire file; (2) that the ALJ erred in finding plaintiff's alleged mental impairment non-severe at step 2 of the sequential evaluation; and (3) that the ALJ's determination that plaintiff could return to his past relevant work is inconsistent with his residual functional capacity. None of these arguments provides any cognizable basis for remand.

4

The Commissioner's regulations provide that "[t]he Appeals Council will consider all the evidence in the administrative law judge hearing record[.]" 20 C.F.R. §§ 404.1476(b)(1), 416.976(b)(1). The Appeals Council apparently excluded from its designation of the record documents submitted in support of an earlier application for disability insurance benefits.[1] Although plaintiff points out this oversight, he fails to describe how it in any way prejudiced his substantial rights. *See Bernal v. Brown*, 851 F.2d 297, 302 (10th Cir. 1988); *Frazee v. Barnhart*, 259 F.Supp.2d 1182, 1200 n.22 (D. Kan. 2003). It is clear that the ALJ considered the evidence in his decision (*see* Tr. 24-26), and the Appeals Council found that decision to be supported by substantial evidence (Tr. 7). Moreover, the only question before me is whether the ALJ's opinion is legally sound and supported by substantial evidence. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) ("[W]hen the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence."), *cert. denied*, 119 S.Ct. 907 (1999). Because the ALJ considered the evidence from the prior application, that evidence, therefore, is also before me. Plaintiff's substantial rights were not prejudiced by the Appeals Council's failure to consider the evidence. Thus, any error was undoubtedly harmless and does not warrant remand.

---

[1] Plaintiff filed a prior application for disability insurance benefits on October 29, 2001. That application was denied, and plaintiff did not appeal that decision. The ALJ found no good cause to reopen that application. (*See* Tr. 22.) Nevertheless, the ALJ did consider some evidence, principally the January 12, 2002, residual functional capacity assessment of consultative examiner Dr. Rita Starritt (Tr. 329-332), which was submitted in support of the earlier application.

5

Plaintiff next claims the ALJ erred in finding that his alleged mental impairment was non-severe.[2]  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Plaintiff was seen by Dr. Edward R. Johnson, a licensed psychologist, on January 18, 2004, for evaluation.  Dr. Johnson diagnosed plaintiff with chronic adjustment disorder with anxiety, and noted that plaintiff had "acquired problems with nervousness, excessive worry, and avoidance of social contact with others."  (Tr. 163.)  Countering this opinion was that of Dr. Ellen Ryan, who reviewed Dr. Johnson's report.  She noted that plaintiff had "minimal symptoms and problems" and reported no "depressive symptoms, concentration/persistence/pace problems or limited memory or judgment."  Despite anxiety symptoms, Dr. Ryan noted that plaintiff "related well to [Dr. Johnson] and did not show any severe limitations," had a girlfriend, and performed light activities of daily living.  She, therefore, rated his alleged mental impairment as "not severe."  (Tr. 143; *see also* Tr. 131, 141.)[3]

An impairment is "severe" if it "significantly limits [plaintiff's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  In evaluating mental impairments, the ALJ must consider limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation.  *Id*., §§ 404.1520a(c), 4516.920a(c).  An

---

[2] Plaintiff claims he suffers from an anxiety-related disorder as a result of a traumatic head injury sustained in a 1998 automobile accident.

[3] Dr. David Downs, plaintiff's treating physician, opined that plaintiff "is currently disabled due to chronic back pain and cognitive dysfunction," but the latter diagnosis was based entirely on plaintiff's self-reported symptoms, which are not sufficient *per se* to establish the existence of a medically determinable impairment at step two.  **Social Security Report** 96-3p, 1996 WL 374181 at *2 (SSA July 2, 1996).  Moreover, even a treating source's bare statement that a claimant is disabled is not binding on the Commissioner.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

6

impairment that is rated "none" or "mild" in the first three areas and "none" in the fourth is presumptively not severe. *Id*., §§ 404.1520a(d)(1), 416.920a(d)(1). Dr. Ryan's evaluation is consistent with such a conclusion. (*See* Tr. 141.)

In general, the opinion of an examining source, such as Dr. Johnson, should be given greater weight than that of a non-examining source, such as Dr. Ryan. *See* 20 C.F.R. §§ 404.1527(d) & (f), 416.927(d) & (f). Nevertheless, the type of treatment relationship is only one of the factors the ALJ may consider in determining what relative weight to assign to the opinions of non-treating sources. *Id.* The ALJ thoroughly reviewed Dr. Johnson's report, but found that Dr. Ryan's analysis was more consistent with the record as a whole. (Tr. 23-24.) It is the province of the ALJ to resolve such conflicts in the evidence. *Casias*, 933 F.2d at 801. His conclusion that plaintiff's alleged mental impairment was not severe is supported by substantial evidence and provides no basis for remand.

Finally, plaintiff maintains that the ALJ erred in assessing his residual functional capacity, claiming that his past relevant work exceeds his current functional limitations. More specifically, plaintiff claims that his past relevant work as a vending machine touch-up painter is medium work that requires "frequent" stooping and crouching (Tr. 214), whereas the ALJ determined that plaintiff was limited to light work with only "occasional" stooping and crouching (Tr. 31). Plaintiff's argument, however, is premised on the demands of the job as normally performed in the national economy. Based on the testimony of a vocational expert, the ALJ found that the job as plaintiff actually performed it was light work. (Tr. 30-31, 262) **See Social Security Ruling** 82-61, 1982

7

WL 31387 at *1 (SSA 1982) (claimant will be found not disabled at step 4 "when it is determined that he or she retains the [residual functional capacity] to perform: 1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy"). Moreover, plaintiff himself reported that this job required him to crouch and stoop no more than one hour a day (Tr. 302), which is consistent with the ALJ's limitation on those activities to "occasionally," *see* **Social Security Ruling** 83-10, 1983 WL 31251 at *5 (SSA 1983) (occasionally means occurring very little up to one-third of the time).

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated August 1, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**